UNITED OWNERS' REALTY COMPANY, PROSECUTOR, v. BOROUGH OF LODI, DEFENDANT.

Submitted February term, 1923—Decided June 7, 1923.

**Taxes and Assessments—Review of Sewer Assessments.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Morrison, Lloyd & Morrison.*

For the defendant, *Walter G. Winne.*

PER CURIAM.

The *certiorari* in this case was allowed to review assessments made for the building of a sanitary sewer and disposal plant in the borough of Lodi, N. J. The main trunk sewer and disposal plant cost $107,000. This cost was assessed generally on all property in the borough according to benefits. The total cost of the sewer was $448,522.64, of which $8,472.48 is to be paid by the borough and raised by general taxation. The work was begun in the year 1916. It was completed and accepted in 1921. The assessments were confirmed on February 27th, 1922. The writ was applied for and allowed January 23d, 1923. Rule allowed on January 27th, 1923, why thirteen other property owners should not be made parties to the suit under Rule 171 of the Supreme Court.

The assessments were made under the provisions of *Pamph. L.* 1917, *p.* 378, article XX, paragraph 21, page 380; paragraph 24, page 381; paragraph 25 as amended by *Pamph. L.* 1921, *p.* 162. This is known as the Municipalities act. The phraseology in *Pamph. L.* 1921, *p.* 162, is substantially that of *Pamph. L.* 1895, *p.* 95, which was repealed by *Pamph. L.* 1917, *p.* 699.

There are no reasons for setting aside the assessments printed in the record book furnished the court. The prosecutors, however, argue in the brief and state that there are but two questions involved in the case; *first,* may properties which have no access to the sewer be subjected to an assessment under *Pamph. L.* 1917, *p.* 378, the Municipalities act? *Second,* should the property owners named in the rule to show cause be made parties under the Supreme Court Rule No. 171?

We think the writ of *certiorari* and the rule to show cause should be dismissed and the assessments confirmed on the ground of laches. Under *Pamph. L.* 1921, *p.* 515, ¶ 56, no *certiorari* shall be allowed after thirty days shall have elapsed from the date of the confirmation of such assessment. By the *Certiorari* act (*Pamph. L.* 1907, *p.* 109; 1 *Comp. Stat., p.* 407, ¶ 15), no *certiorari* shall be allowed to review any assessment for benefits for the construction of sewers, unless application shall be made for a writ within sixty days after such assessment shall have been confirmed by a court of competent jurisdiction. It is argued that these statutory limitations as to time do not apply, citing cases referred to by Justice Dixon in the case of *United New Jersey Railroad Co.* v. *Gummere,* 69 *N. J. L.* 111. That class of cases do not apply to the assessments under review. We fail to see the force of the prosecutor's argument, that the statute under which the assessments were made is unconstitutional. Promptness to act in this class of cases is not only illustrated, but enjoined by many cases in our reports. The statutes above cited, with many others, contain provisions limiting the time in which reviews may be obtained. In *Durrell* v. *Mayor, &c., of Woodbury,* 74 *Id.* 206, the report of the commissioners was confirmed January 19th, 1906, and the writ of *certiorari* was allowed May 23d, 1906.

The writ of *certiorari* and the rule to show cause are dismissed. The assessments are confirmed, with costs.